IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| JARED LITTRELL, Pro Se,<br>Potter County Jail ID #125171<br><br>     Plaintiff,<br><br>v.<br><br>Officer STEWART, OFFICER McNUTT,<br>Officer BUNCH, Officer WOODS, and<br>Officer JOHNSON,<br><br>     Defendants. | §<br>§<br>§<br>§<br>§<br>§  2:04-CV-0292<br>§<br>§<br>§<br>§<br>§<br>§ |

### MEMORANDUM OPINION AND ORDER OF DISMISSAL

Plaintiff JARED LITTRELL, acting pro se and while a prisoner confined in the Potter County Jail, has filed suit pursuant to Title 42, United States Code, Section 1983 complaining against the above-referenced defendants. Plaintiff has paid the filing fee and is not proceeding in forma pauperis.

Plaintiff claims the defendants utilized excessive force against him on January 15, 2004, resulting in occasional periods of numbness to his wrist and numbness and pain to his fingers.

Plaintiff requests that the Court investigate and review any videos of the incident "to see if there should be criminal charges filed."

## JUDICIAL REVIEW

When a prisoner confined in any jail, prison, or other correctional facility brings an action with respect to prison conditions under any federal law, the Court may evaluate the complaint and dismiss it without service of process, *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990), if it is frivolous[1], malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 42 U.S.C. 1997e(c)(1). A *Spears* hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991)[2].

The District Judge has reviewed the facts alleged by plaintiff to determine if his claim presents grounds for dismissal or should proceed to answer by defendants.

## THE LAW AND ANALYSIS

Plaintiff requests that the Court investigate and see if criminal charges should be filed.

The Court notes it is not an investigative body, and the federal Marshal is not a party to this litigation. The Court cannot order a non-party to conduct an investigation. The requested criminal investigation is not a relief available through a civil action. *Cf. Jones v. Conway*, No. Civ.A. 92-3883, 1992 WL 185578, at *1 (E.D.Pa. July 21, 1992)(holding that bringing criminal charges against a defendant is not an available relief under section 1983).

---

[1] A claim is frivolous if it lacks an arguable basis in law or in fact, *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993); *see*, *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).

[2] *Cf*, *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) ("Of course, our discussion of *Spears* should not be interpreted to mean that all or even most prisoner claims require or deserve a *Spears* hearing. A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone or the complaint together with the *Watson* questionnaire.").

"Criminal statutes can neither be enforced by civil action nor by private parties." *Hassell v. U.S.*, 203 F.R.D. 241, 244, (N.D.Tex. 1999)(citing *Kennan v. McGrath*, 328 F.2d 610, 611 (1st Cir. 1964); see, *United States v. Claflin*, 97 U.S. 546, 24 L.Ed. 1082 (1989)). Moreover, the Court does not issue advisory opinions concerning whether sufficient evidence exists to support filing criminal charges or concerning other issues. There is no constitutional right to have a person criminally prosecuted. *See Oliver v. Collins*, 914 F.2d 56, 60 (5th Cir. 1990). The prosecution of criminal actions in the federal courts is a matter solely within the discretion of the Attorney General of the United States, and duly authorized United States Attorneys.

Both of plaintiff's claims for relief lack a basis in law and are frivolous. *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

## CONCLUSION

For the reasons set forth above and pursuant to Title 42, United States Code, section 1997e(c)(1), the Civil Rights Complaint filed pursuant to Title 42, United States Code, Section 1983, by plaintiff JARED LITTRELL is DISMISSED WITH PREJUDICE AS FRIVOLOUS.

IT IS SO ORDERED.

ENTERED THIS  5th  DAY OF MAY, 2005.

/s/ Mary Lou Robinson
MARY LOU ROBINSON
UNITED STATES DISTRICT JUDGE